I concur wholeheartedly in the disposition of each of the four assignments of error, but I am compelled to expand upon the fourth assignment of error. Appellant's counsel argues that his client was denied the effective assistance of counsel. It is undisputed that any accused be afforded zealous representation, but counsel is duty bound to perform both ethically and professionally. To suggest that counsel is ineffective if it does not attempt to create a reasonable doubt where there might well not be one is misplaced. It is basic that there must exist a goodfaith basis for presenting a defense, placing a question, or proffering a theory of the case.
In the case sub judice to suggest that the victim was a drug addict out looking for sex is not only misguided it is unethical, unprofessional, and goes beyond decency. In its "supplemental" brief at page 13, appellant's counsel suggests that the victim of this brutal attack, Jennifer Sweeney, was:
 "* * * not the victim of a brutal kidnaping and rape, but was instead a probably-stoned (sic) young woman roaming the streets looking for drugs and settling for easy sex, then fabricating a rape out of shame and to protect her innocent-young-student (sic) image with her family."
This theory flies in the face of the overwhelming evidence presented by the state as well as the initial position of the defendant-appellant. Character assassination as suggested by appellant's counsel devoid of any basis whatsoever leaps well beyond the line of providing zealous representation. It is not the function of counsel to attempt to fabricate reasonable doubt. To embrace this approach is analogous to encouraging the subornation of perjury and the creation of theories of defense without any evidentiary support.
It is oft times suggested that there are three theories of each case, one for each adversary and the truth. Although perhaps out of naivete and optimism, there ought be but one theory. There must be a concerted effort to seek the truth on behalf of all of the participants in our system of jurisprudence. To proceed in an unethical manner on either side of a lawsuit and to adopt the attitude of "win at all costs" corrodes the very system that we embrace and undermines the fragile confidence that the citizenry has in our system.
To claim ineffective assistance of counsel by suggesting an unwarranted, uncorroborated, and baseless attempt to assassinate the character of the victim devoid of any basis at all should result not only in a rejection of the assignment of error, but also in the imposition of sanctions. At bare minimum, the victim in this case is deserving of an apology for the unwarranted attempt to slander her good name.